The Honorable Brent Davis Prosecuting Attorney Second Judicial Circuit 1021 South Main Marion, AR 72401
Dear Mr. Davis:
This is in response to your request for an opinion on whether a circuit judge can serve as a member of a school board.
A school board member is eligible to be elected as a circuit judge in accordance with Article 19, Section 26, of the Arkansas Constitution, which states that "officers of the Public schools . . . may be elected to fill any Executive or Judicial office."
This provision must be reconciled with Article 7, Section 18, of the Arkansas Constitution, however, which provides that "the judges of the Circuit Courts . . . shall not hold any other office of Trust or Profit under this State or the United States."
The case of Williams v. Douglas, 251 Ark. 555, 473 S.W.2d 896
(1971), offers guidance in this regard wherein the Arkansas Supreme court construed, and reconciled, two very similar constitutional provisions. Williams involved a school board member who was elected as legislator. The court had to construe Article 5, Section 7, which allowed a school board member to be seated in the legislature, and Article 5, Section 10 which prohibited a legislator from being elected or appointed to any other office.
The court distinguished between the eligibility of persons for a seat in the General Assembly and the eligibility of a member, once seated, to accept by appointment or election a civil office, concluding that there was no conflict between the two constitutional provisions. Thus, a school board member may be seated in the legislature, but the legislator may not thereafter be elected a school board member. The court reasoned that "no constitutional provision enjoys a preference and that none should suffer subordination or deletion."
In my opinion, the question at hand would be approached by the Arkansas Supreme Court in the same manner as the issue in Williams v. Douglas. The Constitutional provisions in both instances are similar, making the same analysis and reasoning applicable.
It is my opinion, therefore, that a school board member may be elected and serve as a circuit judge, in accordance with Arkansas Constitution Article 19, Section 26. The circuit judge will, however, thereafter be ineligible for re-election to the school board member position, as stated in Article 7, Section 18, of the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh